222

LANGFORD INVESTMENT COMPANY, TRUSTEE FOR PIERCE P. LANGFORD, JR., BEN H. LANGFORD AND SARAH E. LANGFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43333, 57203, 62214.   Promulgated May 31, 1933.

*Harry C. Weeks, Esq.*, for the petitioner.
*S. S. Faulkner, Esq.*, and *R. B. Cannon, Esq.*, for the respondent.

226

**OPINION.**

LANSDON: At the hearing the parties filed the following stipulation in settlement of issues (b) and (c):

There shall be deducted from net income for 1925, as determined by respondent, the following sums:

For depletion erroneously disallowed_____ $6,379.85

    For disbursements from capital made by American Refining Company, Inc., and erroneously treated as dividends_____ 5,250.00

and for the year 1926 for the same reasons:

    Depletion_____ 8,666.26

    American Refining Co., Inc., dividends_____ 7,000.00

In so far as the deficiencies for 1925 and 1926 are affected by the above, they will be adjusted in a recomputation under Rule 50.

In the proceeding at Docket No. 43451, *J. C. Wynne et al., Trustees*, 28 B.T.A. 125, there was exactly the same question, based on a trust deed substantially similar to that upon which petitioner relies to support the contention stated in issue (a). In that proceeding we affirmed the determination of the Commissioner. Accordingly, on the authority of that decision we hold that the deed here in question created a single trust estate with three beneficiaries, and affirm the determination of the respondent.

Issue (d) raises the question as to whether the amount of $836,089.94 by which the corpus of the trust estate was reduced in the circumstances set out in our findings of fact should be regarded as a loss to the petitioner, an ordinary expense, or additional capital cost of the assets remaining in the corpus for the purpose of computing depletion and depreciation of the properties of the trust in the years 1928 and 1929. The determination of the respondent is adverse to all the contentions of the petitioner.

There is nothing in the record upon which we can base a finding of fact that the amount in question was a business expense incurred or paid by the petitioner in 1928. This expenditure was not in connection with any business which the trustees, under the terms of the trust deed, were authorized to transact. In our opinion petitioner's first claim as to this disbursement must be denied. In the circumstances it is also impossible to discover any legal or factual basis for allowing the amount in controversy as a loss sustained in the taxable year. It satisfied none of the conditions of that section of the Revenue Act of 1928 [1] which defines deductible losses. In our opinion the reduction of the corpus of the trust in 1928 as set forth above was not a loss deductible from petitioner's income for that year.

Petitioner contends if not allowable as a deduction from income either as an expense paid or a loss sustained in the taxable year, then the amount in question should be capitalized and added to petitioner's bases for the depletion and depreciation of the remaining property. The basis for this theory is the allegation that the

---

[1] SEC. 23. (e) *Losses by individuals.*—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft.

SEC. 169. The benefit of the special deduction for net losses allowed by section 117 shall be allowed to an estate or trust under regulations prescribed by the Commissioner with the approval of the Secretary.

amounts paid to the receiver of the American Refining Co., Inc., constituted cost of defending title to the property of the petitioner. The threatened suit, however, was not for the purpose of attacking title to any of the petitioner's property, but to secure the invalidation of the trust deed, apparently upon the theory that such instrument had been executed for the purpose of fraudulently avoiding payment of debts owed by the trustors. No attack on the title of the petitioner to its property was contemplated and it is clear that if the deed was executed lawfully and in good faith the title of the petitioner to the property conveyed was perfect.

The more reasonable hypothesis is that at the time the property was transferred it was then, in equity at least, impressed with a trust in favor of the creditors of the trustors and that the petitioner, having acquired such properties without consideration, was liable as a transferee for the debts of the trustors. If this is true, then the assets acquired by the petitioner were in substantially the same position that any property is when transferred subject to a mortgage or other lien. We think this is the true situation here. It is stipulated that the trustors were heavily in debt at the date of the transfer of these properties to the petitioner. There is no evidence that such debts were not greater than the value of the property retained by the trustors. In the circumstances herein we think it was part of the burden of proof of the petitioner to show that the transfers to it did not render the trustors insolvent. There is nothing to show that all the property so transferred was not subject to execution under the laws of Texas for the debts of the trustors. The transaction in question was no more than the discharge of obligations which the trust estate assumed when it received property subject to liens. It merely reduced the corpus of the trust to its unencumbered value and should not be regarded as a capitalizable item.

Attorneys' fees in the amount of $4,000 were paid in connection with the settlement of the controversy with the receivers of the American Refining Co., Inc. Since we hold that such fees were not paid in defense of title to property, but were incurred in connection with the handling of petitioner's affairs, it is our opinion that this amount is an allowable deduction from income in 1928 as a business expense.

Since the effect of our conclusion above is to affirm the Commissioner's determination that petitioner had taxable income in 1928, the claim for the deduction of a net loss carried forward from that year to 1929 must be denied.

*Decision will be entered under Rule 50.*